Rachel L Rado, Esq | BBO #: 682095
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) rachel@rachelradolaw.com
(e) eshaw@rachelradolaw.com

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Yovany Ruiz Primero**<br><br>Petitioner,<br><br>v.<br><br>**Ralph Mattivelo**, Superintendent, Plymouth County Correctional Facility);<br>**Patricia Hyde**, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement;<br>**Kristi Noem**, Secretary of the U.S. Department of Homeland Security; and<br>**Pamela Bondi**, Attorney General of the United States, in their official capacities | Case No. 1:25-cv-11442<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

1. Petitioner, Yovany Ruiz Primero (hereinafter "Mr. Ruiz" or "Petitioner"), is a native and citizen of Guatemala. He was raised by his parents and siblings in poverty, forcing him to cease his education before he reached high school. At the age of 16, he was brought to the United States by his father. After his father abandoned him in the United States, the Petitioner received a grant of Dependency from the Commonwealth of Massachusetts against both his mother and father, with the family court judge stating

1

on November 22, 2021, that it was not in his best interests to be returned to their care due to abandonment and neglect. He thereafter submitted his I-360 Special Immigrant Juvenile Petition to the United States Citizenship and Immigration Service ("USCIS"), to which he was approved on September 7, 2022, with a visa priority date of December 2, 2021. Visas are currently unavailable in this category for the remainder of the fiscal year, but his visa will be nearly current once the visas begin processing again. Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

2. Children with SIJ status are "deemed, for the purposes of [8 USC § 1255(a)], to have been paroled in the United States," and are entitled to apply to become legal permanent residents of the United States.

3. Absent an order from this Court, Petitioner will be forced to return to Guatemala, where USCIS has already found that it is not in his best interests to return based on their approval of his I-360 petition, making him vulnerable to further harm.

4. Petitioner asks this Court to find that the Petitioner's detention is unlawful and order the release of the Petitioner.

## JURISDICTION

5. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

7. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue is proper because Petitioner is detained at Plymouth County Correctional Center in Plymouth, Massachusetts, which is within the jurisdiction of this District.

9. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, Respondent Mattivelo resides and detains the Petitioner in this District, a substantial part of the events or omissions giving rise to his claims occurred in this District, and Petitioner resides in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

10. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

12. Petitioner is an approved Special Immigrant Juvenile. The Petitioner is currently detained at Plymouth County Detention Facility and is a resident of Massachusetts. He is in the custody and under the direct control of the Respondents and their agents.

13. Respondent Ralph Mattivelo is the Superintendent of Plymouth County Detention Facility, and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Mattivelo is a legal custodian of Petitioner.

14. Respondent Patricia Hyde is sued in her official capacity as the Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has the authority to release him.

15. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for implementing and enforcing the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner.

16. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

17. Petitioner is a 22-year-old citizen of Guatemala. He was brought to the United States by his father and then subsequently abandoned here, all while a minor. He was ordered removed *In Absentia* on January 22, 2020, and the undersigned counsel filed a Motion to Reopen with the Immigration Judge on September 22, 2021. The Immigration Judge denied the motion on August 17, 2022.

18. Today, in the United States, the Petitioner has family and a stable job and is awaiting the priority date of his lawful permanent residency visa to become available to formalize his residency here as a Special Immigrant Juvenile who was abandoned and neglected by both of his parents. The Petitioner has work authorization valid through September 7, 2026. At this time, it is anticipated that his visa will be available so he can adjust his status to that of a lawful permanent resident in the near future.

19. On May 14, 2025, the Petitioner accompanied his brother to the brother's court hearing at the Waltham District Court in Waltham, Massachusetts. Upon leaving the courthouse, the brothers stopped for coffee. At that time, an officer pulled in front of their car and asked for proof of legal status. The Petitioner provided his work authorization card, with a category of C14, which shows that he has deferred action from USCIS, proving his current legal status. Despite showing proof of legal status, the officer, who did not identify themselves as Immigration and Customs Enforcement ("ICE") agents, ordered the Petitioner out of the car and detained him. He has been detained since that date by ICE.

20. Petitioner has no criminal history in the United States or anywhere else in the world. He has deferred action from removal pursuant to his grant of Special Immigrant Juvenile Status, and has authorization to work.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

21. The allegations in the above paragraphs are realleged and incorporated herein.

22. The Petitioner alleges that pursuant to his grant of deferred action, his current detention is unlawful.[1]

23. As applied to individuals with viable claims for relief, such as asylum and a SIJ status, mandatory detention fails under *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976), which requires a court to weigh the individual's interest and the risk of erroneous deprivation of that interest against the government's interest.

24. Here, Petitioner's interest is substantial—freedom from physical restraint is an interest that "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

25. The government's interest in detaining noncitizens during deportation proceedings is to effectuate removal. As to noncitizens with viable legal defenses, this interest is diminished. In Petitioner's case, for example, where the USCIS has granted Special

---

[1] Deferred action is a method of prosecutorial discretion that the immigration agencies may grant "[t]o ameliorate a harsh and unjust outcome." C. Gordon, S. Mailman, & S. Yale-Loehr, Immigration Law and Procedure § 72.03 [2][h] (1998), *quoted in Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999). Through deferred action, ICE may "decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." *Id.* "Approval of deferred action status means that . . . no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." *Id.*

6

Immigrant Juvenile Petition and deferred action through September 2026, the likelihood that the government will be legally permitted to remove him is reduced.

26. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully Submitted,
Yovany Ruiz Primero
By His Attorneys

_____
Rachel L Rado, Esq | BBO #: 682095
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) rachel@rachelradolaw.com
(e) eshaw@rachelradolaw.com

Date: 5/21/2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Yovany Ruiz Primero, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 21 day of May 2025.

_____
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com