**Rachel L Rado, Esq | BBO #: 682095**
**Elizabeth Shaw, Esq. |  BBO #: 713541**
**Law Offices of Rachel L. Rado, LLC**
**175 Portland Street, 2nd Floor.**
**Boston, MA 02114**
**(t) 617-871-6030 | (f) 877-246-8795**
**(e) rachel@rachelradolaw.com**
**(e) eshaw@rachelradolaw.com**

Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Yovany Ruiz Primero** <br><br> Petitioner, <br><br> v. <br><br> **Ralph Mattivelo,** Superintendent, Plymouth County Correctional Facility); <br> **Patricia Hyde**, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; <br> **Kristi Noem**, Secretary of the U.S. Department of Homeland Security; and <br> **Pamela Bondi,** Attorney General of the United States, in their official capacities | Case No. 1:25-cv-11442 <br><br> **PETITIONER'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION** |

## I.    INTRODUCTION

Petitioner, by and through counsel, submits this reply to the Respondent's Opposition. Doc. No. 9. Petitioner, Yovany Ruiz Primero (hereinafter "Mr. Ruiz" or "Petitioner"), is a native and citizen of Guatemala. At the age of 16, he was brought to the United States by his father. After his father abandoned him in the United States, the Petitioner received a grant of Dependency from the Commonwealth of Massachusetts against both his mother and father, with the family court judge stating on November 22, 2021, that it was not in his best interests to be returned to their care due

to abandonment and neglect. He thereafter submitted his I-360 Special Immigrant Juvenile ("SIJ") Petition to the United States Citizenship and Immigration Service ("USCIS"), to which he was approved on September 7, 2022, with a visa priority date of December 2, 2021. With this grant of his SIJ petition, USCIS additionally granted the Petitioner a deferred action for a period of four years from the date of the notice—September 7, 2022—unless terminated earlier by USCIS. See I-797 Approval Notice for I-360 with Deferred Action. This decision by USCIS to grant the Petitioner Deferred Action was made after he was ordered removed *in absentia* on January 22, 2022, meaning that this discretionary grant was made with knowledge of his removal order. On May 14, 2025, the Petitioner was "arrested… as a result of an enforcement action targeting a third party." See Doc. No. 9-1, Declaration of Keith Chan. After they detained Mr. Ruiz, an individual with deferred action, employment authorization, and no criminal history, the Defendants state that they then contacted USCIS to request that they terminate his deferred action status <u>after </u>the Petitioner submitted his habeas petition to this Honorable Court. See *Id.* at ¶ 14. ICE has not shown that it is appropriate to terminate the Petitioner's deferred action status.

## II.    PETITIONER'S DETENTION IS UNLAWFUL

### a.    Petitioner is granted Deferred Action from USCIS

When USCIS granted the Petitioner Deferred Action in September 2022, it made the threshold finding that the Petitioner was likely to succeed on the merits of his adjustment application and had no negative discretionary factors, such as a criminal history. USCIS alone retains the ability to terminate the grant of deferred action as a matter of discretion. The policy manual cites three different circumstances in which termination of deferred action is warranted:

- USCIS determines the favorable exercise of discretion is no longer warranted;
- The Form I-360 petition for SIJ classification is revoked; or
- The prior deferred action and related employment authorization were granted in error.[1]

---

[1] *See* USCIS Policy Manual Volume 6, Part J, Chapter 4, Part G

In particular, USCIS states that it is not limited to granting deferred action to only applicants who were never in removal proceedings. In fact, it says the opposite. "Aliens with approved SIJ classification awaiting visa availability to apply for adjustment of status are among the beneficiaries of victim-based immigration benefits who receive consideration for prosecutorial discretion regarding civil immigration enforcement actions. USCIS may grant deferred action to aliens with approved SIJ classification who have never been in removal proceedings, **as well as those in removal proceedings, those with a final order**, or those with a voluntary departure order (as long as they are not in immigration detention)," (emphasis added)

   **b. Respondent's admission that they are seeking to terminate the Petitioner's Deferred Action is in bad faith**

Petitioner has acted in no way that would make it appropriate to terminate his deferred action status. Deferred action, according to USCIS, is an "act of prosecutorial discretion" to defer removal of a noncitizen from the United States for a certain period of time. Persons granted deferred action are eligible to apply for employment authorization under 8 CFR § 274a.12(c)(14). Deferred action does not confer lawful status and does not prevent DHS prosecutors in immigration court from advocating for a removal order, nor does it prevent an immigration judge from issuing a removal order. However, unless deferred action is terminated, it prevents immigration authorities from physically removing a noncitizen from the United States.

The Petitioner was granted deferred action in 2022 because USCIS made the finding that if not for the visa backlog in EB-4 visas (the visa category for SIJ cases), the Petitioner would have been able to successfully adjust his status to that of a lawful permanent resident. At the time of detention on May 14, 2025, the Petitioner had not acted in any way that would lead USCIS to be able to terminate the grant of deferred action. Defendants now seek to ask USCIS to terminate the Petitioner's deferred action status in bad faith in order to effectuate removal against an individual,

for which USCIS has already determined should not be removed to his country of origin. The Petitioner has committed no criminal acts or any other act that would warrant USCIS to terminate his deferred action status, which is valid until September 7, 2026, at which point it is likely that the Petitioner's December 2, 2021 visa priority date will be current, availing him to adjust his status in front of USCIS.

## III.    Conclusion

Because the Petitioner has deferred action of removal until September 2026, and there is no good-faith basis for the Defendants to request its early termination, this Court should grant the Petitioner's habeas corpus petition and issue his release.

Respectfully Submitted,
Yovany Ruiz Primero
By His Attorneys


Rachel L Rado, Esq | BBO #: 682095
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) rachel@rachelradolaw.com
(e) eshaw@rachelradolaw.com

Date: 5/27/2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Yovany Ruiz Primero, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing PETITIONER'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION are true and correct to the best of my knowledge.

Dated this 27 day of May, 2025.

Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com